IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENARDO L. CARTER,

                Petitioner,                OPINION AND ORDER

v.

                                                  11-cv-320-wmc

LIZZIE TEGELS, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

      State inmate Renardo L. Carter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state court conviction. After conducting a preliminary review of the petition, the court directed the respondent to show cause why relief should not be granted. The respondent filed an answer along with records from Carter's state court proceedings and both parties have submitted briefing. Based on this record, the petition will now be denied because Carter is not entitled to the relief that he seeks.

## RELEVANT STATE COURT PROCEEDINGS

      Carter was charged in Wood County Case No. 04CF393 with vehicular flight to avoid police, possession with intent to deliver cocaine, and resisting or obstructing an officer. On March 11, 2008, a jury found Carter guilty as charged. Consistent with that verdict, the circuit court sentenced Carter to serve a total of ten years' imprisonment followed by a 6-year term of extended supervision.

      Carter filed a post-conviction motion, arguing that he was denied effective assistance of counsel when his defense attorney failed to object to hearsay statements that

were admitted as evidence against him at trial. The circuit court denied that motion after a "*Machner* hearing," which included testimony from Carter's defense counsel.[1] (Dkt. #7, Exh. 22.)

On direct appeal, Carter argued that he was denied a fair trial when the circuit court allowed a narcotics officer to testify about an out-of-court conversation that he had with a confidential informant. During that conversation, the informant identified Carter as a drug dealer and arranged to purchase cocaine as part of the officer's investigation. The Court of Appeals summarized the testimony at issue and held that it was properly admitted:

> As the State recounts, it sought to call the informant as a witness at trial but his testimony was excluded during the State's case-in-chief. The parties agreed, and the trial court ruled, however, that the State would be allowed to present limited testimony from the officer regarding his contact with the informant. That testimony would be presented not for the truth of the matter, but only to explain its effect on the listener.
>
> At trial, the officer testified that on the day of Carter's arrest, the officer met with the informant outside of an Econo Lodge Hotel. As Carter exited the hotel and proceeded to his vehicle, the informant identified him as an individual involved in distributing controlled substances. The officer then directed the informant to telephone Carter and indicate his interest in purchasing cocaine in quantities of "teener" — a teener being one-sixteenth of an ounce. The informant called Carter in the officer's presence and the officer observed Carter both answer his cellular phone and hang up at the end of the conversation. During the informant's conversation with

---

[1] *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (describing the post-conviction motion and hearing procedure used to determine whether defense counsel's performance was constitutionally ineffective).

2

> Carter, the officer heard the informant make the buy request.
>
> The officer continued his surveillance of Carter's vehicle, but relayed the vehicle's description and license number to the officer who ultimately pursued and apprehended Carter. When Carter later left in his vehicle, the narcotics officer followed him and informed the arresting officer that the vehicle was on the move. The narcotics officer observed the other officer follow Carter's vehicle and engage his lights and siren. The narcotics officer also observed Carter's vehicle increase speed "in an attempt to flee."

*State v. Carter*, No. 2009AP662-CR, ¶¶ 4-6 (Wis. Ct. App. July 10, 2010) (unpublished). Carter argued that the testimony was inadmissible hearsay that violated his constitutional right to confront and cross-examine all of the witnesses against him. Conceding that his defense counsel failed to object to the testimony, Carter argued that he was entitled to relief nonetheless because (1) he was denied effective assistance of counsel; (2) admitting the hearsay testimony was plain error for purposes of Wis. Stat. § 901.03(4); and (3) this miscarriage of justice required a new trial "in the interest of justice" under Wis. Stat. § 752.35. Finally, Carter argued that, but for the inadmissible hearsay, the remaining evidence admitted at trial was insufficient to prove that he possessed with intent to deliver between five and fifteen grams of cocaine.

Applying the legal standard established in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the state court of appeals rejected Carter's ineffective-assistance claim and his argument that the challenged testimony was inadmissible hearsay. Specifically, the court held that defense counsel was not deficient for failing to object because the testimony at issue was not admitted for the truth of the matter asserted (*i.e.*, to show that Carter was

3

selling drugs) but, rather, as background information so the jury could understand why the police tried to stop Carter's vehicle and then chased him when he fled. *See Carter*, No. 2009AP662-CR, ¶¶ 7-10, 14. Considering defense counsel's testimony at the *Machner* hearing and the other evidence of Carter's guilt, the court held further that there was no reasonable probability that the trial would have turned out differently had counsel raised a hearsay objection. *Id.* at ¶ 14. Absent deficient performance and resulting prejudice, the court concluded that Carter had no ineffective-assistance claim. *Id.* Because the trial court did not err in admitting the testimony, the court held that Carter was not entitled to a new trial in the interest of justice or under the plain-error doctrine. *Id.* at ¶ 15. The court also concluded that the evidence presented at trial was sufficient to support the jury's verdict. *Id.* at ¶¶ 16-18. Carter filed a petition for review, which the Wisconsin Supreme Court summarily denied on March 15, 2011.

OPINION

Carter now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his state court conviction. He raises the same grounds for relief that were adjudicated by the Wisconsin Court of Appeals, which issued "the last reasoned opinion" on his claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Gonzales v. Mize*, 565 F.3d 373, 379 (7th Cir. 2009) ("We review the decision of the last state court that substantively adjudicated each claim."). To the extent that the state court decided a constitutional claim on the merits, Carter is not entitled to relief unless he can show that the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved

4

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Obviously, this "highly deferential standard," which demands that state courts be given "the benefit of the doubt," is "difficult to meet[.]" *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2010).

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). To meet this standard, the state court's decision must be more than merely incorrect or erroneous; the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. In other words, "the state court's application of federal law must have been both incorrect and unreasonable, 'that is, lying well outside the boundaries of permissible differences of opinion.'" *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) (quoting *Toliver v. McCaughtry*, 539 F.3d 766, 774 (7th Cir. 2008)).

Here, Carter's grounds for relief depend primarily on his claim that the trial court admitted hearsay testimony from a narcotics officer in violation of his Sixth Amendment right to confront and cross-examine the declarant (in this case, the confidential informant). As outlined above, the court of appeals found that the testimony at issue

5

was "presented not for the truth of the matter, but only to explain its effect on the listener" -- in this case, to explain the subsequent action of the investigating officer (who overheard the informant and saw the defendant apparently responding) in choosing to stop Carter. *State v. Carter*, No. 2009AP662-CR, ¶¶ 4, 14. While it is unclear why this explanation was necessary, particularly in light of the risk of the jury considering the hearsay statement for the truth asserted, the state court's ruling on this issue is not "objectively unreasonable." On the contrary, it is arguably consistent with federal law. An informant's out-of-court statement to law enforcement is not hearsay if that statement is offered into evidence "as an explanation of why the [subsequent] investigation proceeded as it did." *E.g., United States v. Eberhart*, 434 F.3d 935, 939 (7th Cir. 2006). When testimony is admitted for a non-hearsay purpose, it "raises no Confrontation Clause concerns." *Tennessee v. Street*, 471 U.S. 409, 414 (1985); *see also Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (citing *Street*, 471 U.S. at 414, and reiterating that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"); *Eberhart*, 434 F.3d at 939 (rejecting a Sixth Amendment claim premised on an informant's out-of-court statement to police on the grounds that non-hearsay use of such statements do not violate the Confrontation Clause). Thus, the state court's conclusion was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

Because Carter does not establish that the disputed testimony was inadmissible hearsay, he cannot show that his defense counsel was constitutionally deficient for failing to raise a hearsay objection. *See Lambert v. McBride*, 365 F.3d 557, 564 (7th Cir. 2004)

6

(finding that no deficient performance where the proposed objection would have been overruled if made); *United States v. Neeley*, 189 F.3d 670, 784 (7th Cir. 1999) ("Obviously, counsel cannot be considered ineffective for failing to make an objection to the introduction of evidence that was properly admitted.") (citations omitted). Likewise, absent a showing that evidence was improperly admitted at his trial, or that the outcome would have been different if his counsel had raised an appropriate objection, Carter does not establish that he was prejudiced as the result of his counsel's performance. *Strickland*, 466 U.S. at 694. It follows that the state court's rejection of his ineffective-assistance claim was not an objectively unreasonable application of the legal standard found in *Strickland v. Washington*.

Moreover, Carter cannot show that the state court erred in finding the evidence sufficient to support his conviction independent of this hearsay suggesting the quantity of the drugs involved under the standard in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that a conviction violates due process if no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). On the contrary, the independent evidence of the defendant's extraordinary efforts to destroy the contents of at least twelve baggies in the Wisconsin River as police were closing in on him and the remnants of powder and crack cocaine recovered were enough for the police to opine and for the jury to find that the defendant possessed with an intention to deliver between five and 15 grams of cocaine as charged. *State v. Carter*, No. 2009AP662-CR, ¶¶ 16-18. In any event, there is no legal or factual basis for this court to find the state court's ruling to this effect is "objectively unreasonable."

Absent a showing that the state court's decision was contrary to federal law or an unreasonable application thereof, Carter is not entitled to relief under 28 U.S.C. § 2254(d), and his petition must be denied.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons already stated, petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED THAT:

1. Renardo L. Carter's petition for a writ of habeas corpus (dkt. # 1) pursuant to 28 U.S.C. § 2254 is DENIED and this case is DISMISSED with prejudice. The clerk of court is directed to enter judgment for respondent

and close this case.

2. A certificate of appealability is DENIED.  If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 9th day of October, 2013.

                                      BY THE COURT:

                                      /s/
                                      _____

                                      WILLIAM M. CONLEY
                                      District Judge